```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ATRONIC INTERNATIONAL, GMBH,
                                                    MEMORANDUM
                Plaintiff,                              AND
                                                       ORDER
        - against -
                                                    03-CV-4892 (TCP) (MLO)
SAI SEMISPECIALISTS OF AMERICA, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

PLATT, District Judge.

Plaintiff Atronic International, GMBH ("Plaintiff" or "Atronic") has filed objections to a Report and Recommendation issued by United States Magistrate Judge Michael L. Orenstein on March 14, 2005 ("Order"). The documents at issue are two e-mails (1) an e-mail communication dated November 22, 2002 from an Atronic employee to Atronic's international counsel ("November 2002 e-mail") and (2) a December 11, 2002 e-mail from the same Atronic employee to the same counsel ("December 2002 e-mail"). According to the Defendant, the two e-mails were originally produced by the Plaintiff sometime at the end of 2003 as part of initial disclosures under Federal Rule of Civil Procedure 26. The e-mails were again produced to the Defendant on January 7, 2005 as a binder of exhibits that the Plaintiff intended to use at a subsequent deposition.

Once the Plaintiff realized it had unwittingly produced these

communications, it sought an order from Judge Orenstein directing the return of the two documents and barring the Defendant from using information contained in the documents for any purpose.

In the Order, Magistrate Orenstein determined that at least one of the documents–the December 2002 e-mail–constituted privileged information. Assuming, nevertheless, that both e-mails were shielded by the attorney-client privilege, Judge Orenstein ultimately found that the Plaintiff's inadvertent disclosure of the two e-mails resulted in a waiver of Plaintiff's claim to privilege as to those documents.

The Plaintiff vehemently objects to the Order on the grounds that Judge Orenstein "ignored the reality that New York law does not recognize waiver of the attorney-client privilege to occur through inadvertent production." Plaintiff further alleges that Judge Orenstein "misapplied cases under federal law," misapprehended the law, and "was clearly motivated by his mistaken view."

New York law is not that absolute. It does recognize that inadvertent disclosure of documents containing legal advice may constitute a waiver of the attorney-client privilege. See, e.g., 58A N.Y. Jur.2d § 880 (outlining factors used in determining whether inadvertent disclosure of attorney-client communications constitutes waiver of the privilege); Manufacturers and Trader's Trust Co. v. Servotronics, Inc., 132 AD2d 392, 400-401 (1987) ("We reject the absolute view

that an attorney may never waive the privilege"). While the standard for waiver of the privilege under New York State law[1] is worded differently than the federal one,[2] this is essentially a distinction without a meaningful difference. Moreover, New York federal district courts routinely apply the federal standard for inadvertent disclosure of attorney-client information. Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., 104 F.R.D. 103, 105 (S.D.N.Y. 1985). The Court sees no reason why this federal district court should depart from this practice.

Accordingly, the Report and Recommendation is hereby adopted and affirmed.

SO ORDERED.

---

[1] New York State law recognizes a waiver of the attorney-client privilege for the inadvertent production of documents unless: (1) the party asserting the privilege intended to maintain confidentiality and took reasonable steps to prevents its disclosure, (2) promptly sought to remedy the situation after learning of the disclosure, and (3) the party in possession of the materials will not suffer undue prejudice if a protective order is granted. AFA Protective Sys., Inc. v. City of New York, 13 A.D.3d 564, 565 (2d Dep't 2004).

[2] Under the federal approach, courts balance four factors: (1) the reasonableness of the precautions taken by the producing party to prevent the inadvertent disclosure of privileged documents; (2) the volume of discovery versus the extent of the specific disclosure at issue; (3) the length of time taken by the producing party to rectify the disclosure; and (4) the overarching issues of fairness. United States v. Rigas, 281 F.Supp. 2d 733, 738 (S.D.N.Y. 2003) (citing Lois Sportswear, 104 F.R.D. at 105).

```
                                        s/s_____
                                            Thomas C. Platt
                                            District Judge, United States District Court
```

Dated: Central Islip, New York
       October 18, 2005